UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

STUDIO A ENTERTAINMENT, INC.,

                    Plaintiff,

v.

306 DVD & VIDEO, INC., 306 DVD LAND and
JOHN DOES 1-10,

                    Defendants.

------------------------------------X

Civil Action No.

08 CIV 4301

## Complaint

Plaintiff, by its attorney Jules D. Zalon, as and for its complaint against the defendants herein, hereby respectfully alleges the following upon knowledge as to plaintiff's own acts and upon information and belief as to all other matters:

1. Plaintiff Studio A Entertainment, Inc. is a California corporation whose principal place of business is at 1625 Stanford Street, Santa Monica, CA 90404.

2. Defendant 306 DVD & Video, Inc. is a corporation organized and existing pursuant to the laws of the State of New York, whose place of business is at 306 West 40th Street, in New York, N.Y.

3. Defendant 306 DVD Land is a business entity whose formal organization is not presently known, but whose principal place of business is at 306 West 40th Street, in New York, N.Y.

4. Defendants Defendant 306 DVD & Video, Inc. and Defendant 306 DVD Land are sometimes hereinafter collectively referred to as "306."

5. Defendants designated as John Does 1-10 are owners or principals of 306 or are otherwise associated with 306 or their owners or principals, in the manufacture,

1

distribution or sale of the videos hereinafter identified. Each of such defendants has caused 306 to commit the acts herein complained of.

6.  The identities of the individuals described as John Does are not presently known, and the complaint will be amended to include their true names when identified.

7.  Each of the defendants either (a) regularly does business in the state of New York or (b) has committed infringing acts outside of the State of New York which have had consequence within the said State.

## JURISDICTION AND VENUE

8.  The causes and separate counts set forth hereinbelow arise under the Copyright Act, Title 17 U.S.C. 101, et seq. and Trademark Act, Title 15 U.S.C. 1501, et seq. as well as the common law of this state, and jurisdiction and venue are founded upon Title 17 U.S.C. 101, Title 15 U.S.C. 1501 et seq., Title 28 U.S.C. 1331, 1338, 1391(b), 2201 and 2202. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars. A substantial portion of the events giving rise to the claims have occurred in the state of New York.

## AS AND FOR A FIRST COUNT FOR COPYRIGHT INFRINGEMENT

9.  Plaintiff hereby realleges, as if fully set forth, the allegations of Paragraphs 1 through 6 herein.

10.  In or about 1998, plaintiff created an original feature length motion picture in video format entitled "Playthings," which video contains large amounts of material wholly original with plaintiff, and represents copyrightable subject matter under the laws of the United States.

11.  The said video has been published on various dates by or under the authority of said plaintiff, and sold and distributed widely throughout the United States.

2

12. Plaintiff has complied in all respects with the Copyright Act of 1976 and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright of such video, and has received from the Register of Copyrights a certificate of registration, dated and identified as follows: PA 1-038-402 dated September 7, 2001.

13. Defendants have infringed the said copyright by manufacturing and/or selling unauthorized (i.e., bootleg) DVDs bearing the said work.

14. The defendants and each of them have performed the acts referred to ¶11 without the permission, consent or authority of the plaintiff and have therefore violated the copyright of the plaintiff in the said work.

15. The said defendants and each of them have, and at all times relevant to the acts set forth hereinabove had, actual and constructive knowledge of the rights of plaintiff, but have proceeded in complete disregard thereof.

16. Pursuant to 17 U.S.C. 505, the plaintiff is entitled to recover attorneys' fees and costs incurred in bringing this action.

### AS AND FOR A SECOND COUNT FOR COPYRIGHT INFRINGEMENT

17. Plaintiff hereby realleges, as if fully set forth, the allegations of Paragraphs 1 through 16 herein.

18. In or about 1998, plaintiff created an original work of visual art also entitled "Playthings," which work contains large amounts of material wholly original with plaintiff, and represents copyrightable subject matter under the laws of the United States.

19. The said artwork has been published on various dates by or under the authority of said plaintiff, and sold and distributed widely throughout the United States.

20. Plaintiff has complied in all respects with the Copyright Act of 1976 and all other laws governing copyright, and secured the exclusive rights and privileges in

and to the copyright of such artwork, and has received from the Register of Copyrights a certificate of registration, dated and identified as follows: VA 1-117-722 dated September 7, 2001.

21.  Defendants have infringed the said copyright by manufacturing and/or selling unauthorized (i.e., bootleg) DVDs bearing the said work.

22.  The defendants and each of them have performed the acts referred to ¶19 without the permission, consent or authority of the plaintiff and have therefore violated the copyright of the plaintiff in the said work.

23.  The said defendants and each of them have, and at all times relevant to the acts set forth hereinabove had, actual and constructive knowledge of the rights of plaintiff, but have proceeded in complete disregard thereof.

24.  Pursuant to 17 U.S.C. 505, the plaintiff is entitled to recover attorneys' fees and costs incurred in bringing this action.

### AS AND FOR A THIRD COUNT FOR FEDERAL TRADEMARK INFRINGEMENT

25.  Plaintiff hereby realleges, as if fully set forth, the allegations of Paragraphs 1 through 24 herein.

26.  In or about 1989, plaintiff adopted and used in interstate commerce the name and trademark **Andrew Blake** in connection with the production and sale of motion picture films, pre-recorded videotapes and video discs, i.a., featuring adult entertainment, and have since used the said mark to identify their products and services, and to distinguish them from those offered by others by, among other things, prominently displaying the mark **Andrew Blake** on videocassettes, DVDs, posters and packaging containing motion pictures, on letterheads, direct mail and point-of-sale advertising, and in other media, including on the Internet, throughout the United States.

27. As a result of the wide and prominent advertising and use of such mark, said **Andrew Blake** trademark has developed and now possesses a secondary and distinctive trademark meaning to purchasers of such videos.

28. On August 3, 1995, plaintiff filed an application for registration of said mark in the United States Patent & Trademark Office. On March 24, 1998 the said mark was registered in the United States Patent & Trademark Office on the Principal Register under the Act of 1946 under Registration No. 2,146,619 covering use of the mark in connection with, inter alia, videos, discs and CD-ROMs featuring erotic films; also in connections with the writing, directing and producing of such films, inter alia. Since such date and continuing to the present, plaintiff has been the owner of said registration, which is valid and subsisting.

29. The defendants have infringed plaintiff's mark in interstate commerce by various acts, including utilizing the **Andrew Blake** trademark in connection with their manufacture and/or sale of counterfeit videos, as more fully set forth in the first count of this complaint. The use of said infringing mark by defendants is without permission or authority of plaintiff, and said use by defendants is likely to cause confusion, to cause mistake and to deceive.

30. The aforesaid acts of the defendants have been committed willfully and with full knowledge of the rights of plaintiff and with the intention of deceiving and misleading the public and of wrongfully misappropriating and trading upon the nationally recognized value of the good will and reputation inhering in plaintiff's trademark and of benefitting from and depriving plaintiff of the benefits arising from such reputation and goodwill.

31. Since the date of registration, plaintiff has regularly given notice that the mark is registered in the U. S. Patent & Trademark Office.

32. Upon information and belief, the defendants have been transacting and continue to transact business in this state and elsewhere in interstate commerce, and have been and continue to infringe plaintiff's trademark rights in this state and elsewhere in interstate commerce, and regularly have been and now do business and solicit business and derive substantial revenue from goods sold, used and consumed in this state and elsewhere in interstate commerce. The defendants expected or should have reasonably expected that their unlawful acts would have consequence in this state.

33. Defendants' use in commerce of the trademark **Andrew Blake** in connection with their own counterfeit videos is an infringement of plaintiff's registered trademark in violation of 15 U.S.C. 1114.

### AS AND FOR A FOURTH COUNT FOR VICARIOUS COPYRIGHT INFRINGEMENT

34. Plaintiff hereby realleges, as if fully set forth, the allegations of paragraphs 1 through 33 herein.

35. At all times here relevant, the owners or principals of 306 had the right and ability to supervise the infringing activities of such company.

36. At all times here relevant, the owners or principals of 306 had a direct financial interest in the exploitation of copyrighted materials that are the subject of this lawsuit.

37. As a result thereof, the owners or principals of 306 are separately liable for vicarious copyright infringement.

### AS AND FOR A FIFTH COUNT FOR VIOLATION OF 15 U.S.C.1125(a)

38. Plaintiff hereby realleges, as if fully set forth, the allegations of paragraphs 1 through 37 herein.

6

39. Plaintiff is the owner and copyright proprietor of more than 30 feature length motion pictures, produced and sold, inter alia, in DVD format ["Videos"]. Each of the said Videos prominently bear the name and trademark **Andrew Blake** on the packaging, on the DVDs themselves, and in all promotional material, as more fully described in ¶26, above. Also with respect to each of such Videos, plaintiff has adopted an arbitrary and fanciful title, to identify the Video and to distinguish it from those of others by, among other things, applying the title to copies of each such work distributed or exhibited, and by prominently displaying the said title in advertising and promotional material produced or distributed by plaintiff.

40. Each of plaintiff's copyrighted Videos are put up in trade dress packaging that prominently bears both the **Andrew Blake** trademark and the title of each Video being sold. Such packaging includes photographs of one of more of the performers, and in other ways includes artwork that is unique to the Video being sold.

41. Plaintiff's competitors, legitimate producers and distributors of adult Videos, also put up their Videos in packaging that prominently bear their company names and trademarks, and have similarly adopted arbitrary and fanciful titles [as well as their own unique trade dress packaging] to identify their own Videos and to distinguish them from those of others by, among other things, applying the titles – and applying the artwork – to copies of each such work distributed or exhibited, and by prominently displaying the said trademarks, titles and trade dress in advertising and promotional material produced or distributed by such competitors.

42. As a result of the foregoing, the trademarks, titles and the trade dress packaging contained on each such Video uniquely identifies that Video and distinguishes it from Videos produced or distributed by other parties.

43. The defendants are producing and/or distributing and/or selling digitally identical infringing copies of the Videos produced and/or distributed not only by the plaintiff but by plaintiff's legitimate competitors; they are publicly offering them, utilizing legitimate boxes to advertise them but actually substituting the counterfeit copies at the check-out counter, leaving the customer to believe that they are receiving legitimate DVDs in the process; and the defendants will continue to produce or sell such bootleg copies thereof unless enjoined by this Court.

44. Defendants' products are of the same general nature, type and description as those of the plaintiff – and of plaintiff's legitimate competitors – and said goods are so related to those of the plaintiff and its competitors that said defendants' use is likely to cause confusion among purchasers, giving the impression that the Videos offered for sale by the defendants originate either with the plaintiff or plaintiff's competitors. The use of said titles by the defendants is without the permission or authority of plaintiff – or those competitors – and said use by the defendants is likely to cause confusion, to cause mistake and to deceive.

45. The defendants have been transacting and continue to transact business in this state and elsewhere in interstate commerce, and have been and continue to infringe the rights of the plaintiff and its legitimate competitors in their respective titles as aforesaid in this state and elsewhere in interstate commerce, and regularly have been and now do business and solicit business and derive substantial revenue from goods sold, used and consumed in this state and elsewhere in interstate commerce, including said articles which infringe the rights of plaintiff and its legitimate competitors as aforesaid. The defendants expected or should have reasonably expected that their unlawful acts would have consequence in this state.

46. Upon information and belief, the defendants have at all times relevant had actual and constructive knowledge of the rights of the plaintiff, as well as of plaintiff's legitimate competitors, but have proceeded in complete disregard thereof.

47. The unauthorized sales of such bootleg Videos is likely to create confusion and will mislead consumers into believing that plaintiff or its legitimate competitors Are the source or sponsor of the products bearing their names and video titles.

48. Plaintiff is unable to effectively compete against those bootleg Videos, which are produced without the payment of license fees and sold for substantially less than the legitimate Videos of plaintiff or its legitimate competitors are sold for.

49. Plaintiff expects that unless the defendants are restrained and enjoined from selling their counterfeit Videos, their conduct will deprive plaintiff of a substantial portion of the income its expects to earn from its exploitation of its legitimate Videos as described above. Deprivation of that income will cause plaintiff to suffer a loss which is incalculable.

50. The use of the said titles and trade dress packaging by the defendants as aforesaid constitutes false descriptions and representations that said goods are made by, sponsored by, or otherwise affiliated with plaintiff or its legitimate competitors. Said acts are in violation of 15 U.S.C. 1125(a) in that defendants are using in connection with goods false designations of origin and false or misleading descriptions of fact, which are likely to cause confusion and to deceive the consuming public into believing that plaintiff or its legitimate competitors are the source of the counterfeit Videos, and have caused such goods to enter into or affect interstate commerce. Plaintiff believes that it is and is likely to be damaged by such false descriptions and representations by reason of the likelihood that purchasers will be confused as to the true source, sponsorship or affiliation of said goods.

## DAMAGE TO PLAINTIFF

51. The acts, conduct and threatened acts and conduct of defendants as hereinabove alleged, are causing, and unless enjoined and restrained will continue to cause, plaintiff serious and irreparable injury which cannot be fully, adequately or readily compensated by money damages. Plaintiff has no adequate remedy at law and will suffer immediate and irreparable injury, loss and damage unless defendants are restrained and enjoined by this Court from continuing to perform the aforesaid acts of copyright and trademark infringement and other acts of unfair competition.

52. It will be impossible to ascertain the amount of compensation which could afford plaintiff adequate relief for such threatened and continuing acts, and a multiplicity of judicial proceedings would be required.

## PRAYER FOR RELIEF

53. WHEREFORE, plaintiff requests judgment as follows:

A. That defendants, their agents, servants, employees, officers, attorneys, successors and assigns and all persons acting under the defendants or on their behalf, be permanently enjoined from directly or indirectly:

(i) directly or indirectly infringing either of plaintiff's copyrights;

(ii) using the name and trademark **Andrew Blake** or any colorable variation thereof, which is likely to cause confusion, mistake or to deceive;

(iii) applying the term **Andrew Blake**, or any reproduction, counterfeit, copy or colorable imitation thereof, to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used or capable of being used, or used in connection with the sale, offering for sale, distribution or advertising of goods or services or in connection with which such use is likely to cause confusion or to cause mistake or to deceive;

(iv) making, having made for them, selling, distributing or disposing of in any manner any advertisements or promotional material including ad mats, point of sale devices, catalogs, letters, posters or brochures using the term;

(v) offering for sale or selling any video which utilizes, without the consent of the plaintiff, the title or the trade dress of any Video previously produced by plaintiff, or any colorable variation thereof;

(vi) offering for sale or selling any Video which utilizes, without the consent of the owner thereof, the title or the trade dress of any Video previously produced or distributed by another adult video producer, or any colorable variation thereof;

(vii) falsely representing that any Video manufactured, distributed, sold, held for sale or advertised by them emanates from the plaintiff or any of plaintiff's legitimate competitors, or is sponsored or authorized by any of them;

(viii) aiding, abetting, encouraging or inducing another to do any of the acts herein enjoined.

B. That the defendants be required to account and pay over to the plaintiff all gains, profits and advantages derived by them from their violation of 15 U.S.C. 1125(a) and their copyright and trademark infringements, and in addition the damages which the plaintiff has sustained by reason of the defendants' said acts.

C. Alternatively, at plaintiff's election, because of the willful nature of said infringements, the Court award plaintiff statutory damages in the amount of $150,000.00 with respect to each copyright infringement, to the extent allowed by §504(c) of the Copyright Act, and three times the amount of the damages sustained by reason of the defendants' infringements of plaintiff's federally registered trademarks, as provided in §1117 of the Trademark Act.

D. That the defendants be required to pay to the plaintiff the costs of this action, and reasonable attorneys' fees to be allowed by the Court.

E. That the defendants be required to deliver up to the plaintiff all illegal duplications of videos, and all related material in their possession or under their control, including (a) all negatives, positive film prints, transcriptions, recordings, video masters, video tapes or video cassettes, film; (b) all machinery, equipment and components intended to be used, or capable of being used, in the preparation, production or assembly of infringing copies of the videos, including video copying machines; and (c) all documents related thereto in their possession or control.

F. That the defendants be required to recover from their customers and all others all infringing videos, including offering reimbursement for same, and delivering up the same to the plaintiff for destruction or other disposition.

G. That plaintiff have such other and further relief as the Court deems just and proper.

Dated:     West Orange, New Jersey
           May    6   , 2008

                                    _____
                                    Jules D. Zalon
                                    20 Curtis Avenue
                                    West Orange, New Jersey 07052
                                    Tel: (973) 324-2444
                                    Fax: (973) 324-2180
                                    Email: jzalon@zalonoffice.com
                                    Attorney for Plaintiff

New York Office:

   c/o Law Offices of Michael Rosenberg
   3 Spruce Hollow
   Armonk, New York 10504
   Tel:  914-683-0800
   Fax:  914-949-1094

Please address all correspondence to our New Jersey Office