UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

STUDIO A ENTERTAINMENT, INC.,

                    Plaintiff,

    v.

306 DVD & VIDEO, INC., 306 DVD LAND and
JOHN DOES 1-10,

                    Defendants.

------------------------------------X

Civil Action No.
08 Civ 4301 (VM)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-28-08

STIPULATED PRELIMINARY INJUNCTION
AND EXPEDITED DISCOVERY ORDER

      Plaintiff having instituted this action on May 7, 2008, and the Court, per Hon. Victor Marrero, United States District Judge, having issued an ex parte order temporarily restraining the defendants from, inter alia, selling, transferring or disposing of any allegedly unauthorized and infringing DVDs,

      and defendants 306 DVD & Video, Inc., 306 DVD Land and Nalinda Lokuge [sued here as John Doe #1] having appeared and consented to the issuance of a preliminary injunction in the form submitted herein, the Court enters the following preliminary injunctive order:

### Preliminary Injunction

      IT IS HEREBY ORDERED that the defendants 306 DVD & Video, Inc., 306 DVD Land, Nalinda Lokuge, their agents, servants, employees, attorneys, consultants, officers, directors, affiliates, successors and/or assigns and/or any other individual or entity

1

within their control or supervision and/or all other persons or entities acting in concert with the defendants or on their behalf are hereby temporarily enjoined and restrained from:

a) Manufacturing, distributing, selling, offering for sale or advertising any bootleg adult video. For the purposes of this preliminary injunction, a "bootleg adult video" is an adult-themed motion picture film in any medium or format, including DVD format that was (1) not obtained from the actual producer of such video, or its authorized representative, or was (2) not obtained from a "recognized legitimate distributor" of such products, through "normal wholesale channels," as such terms are used and recognized in the legitimate adult video business in the United States. "Bootleg adult video" shall include but not be limited to a video that bears only a generic label, meaning a disk that does not contain all of the following elements: (1) the title of the film, (2) the name of the producer or distributor, and (3) the information required to be displayed in accordance with Title 18, §2257 of the United States Code;

b) Effecting assignments, issuing licenses, forming new entities or associations or utilizing any other devices for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraph (a) above;

c) Secreting, destroying, altering, removing or otherwise dealing with or affecting the books and records which contain any information relating to the commercial exploitation by defendants of any video product;

d) Selling, transferring, disposing of, secreting, destroying, altering or removing any videos referred to in subparagraph (a) above;

e) Selling, transferring, disposing of, secreting, destroying, altering or removing any other videos, other than in the ordinary course of any legitimate business; or

f) Aiding, abetting, encouraging or inducing any other parties, including customers of the defendants, to do any of the aforementioned acts.

### Expedited Discovery

IT IS FURTHER ORDERED that the parties may commence full discovery immediately. Such discovery may be conducted on an expedited basis, to the extent practicable. All 30-day time periods provided for responding to discovery requests shall be reduced to 20 days, or such shorter period as is actually required to comply therewith. The parties shall agree amongst themselves, at the initiation of any such discovery device, how much time will be needed for its completion. As to such specifically named parties, the time required to comply with any discovery request or demand shall be the actual time required therefor, rather than the time periods set forth in the Federal Rules of Civil Procedure governing discovery. If the parties cannot so agree, the Court shall make such determination after an informal conference (including telephone conference), such determination to be consistent with the spirit of this stipulation.

Dated: New York, N.Y.
May 28, 2008

Victor Marrera,
United States District Judge

3

Agreed to as to form:

_____
Jules D. Zalon, Attorney for plaintiff


_SM Chris Franzblau/Jr_
S.M. Chris Franzblau, who hereby appears as attorney for
defendants 306 DVD & Video, Inc., 306 DVD Land,
and Nalinda Lokuge [sued here as John Doe #1]


_Nalinda Lokuge/Jr_
Nalinda Lokuge, individually and as principal of 306
DVD & Video, Inc. and 306 DVD Land

4