UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
STUDIO A ENTERTAINMENT, INC.                08 CIV. 4301 (VM)

              Plaintiff,

          -against-                                    **THIRD-PARTY COMPLAINT**


306 DVD & VIDEO, INC.,  306 DVD LAND
JOHN DOES 1-10
              Defendant.
-----------------------------------------------------X
306 DVD & VIDEO, INC. 306 DVD LAND
JOHN DOES 1-10

      Defendant/Third Party Plaintiff,

          -against-

DIRECT DISTRIBUTORS, LLC

          Third-Party Defendant

     Defendants/Third-Party Plaintiffs by its attorneys FRANZBLAU DRATCH, P.C., allege against Third-Party Defendants as follows:

## THE PARTIES

     1.     Third-Party Plaintiffs' 306 DVD & Video Inc. and 306 DVD LAND (hereinafter collectively referred to as "third-party plaintiffs") are corporations organized and existing under the law of the State of New York.

     2.     Upon information and belief,  Third-Party Defendants Direct Distributors, LLC is a limited liability company existing under the laws of the State of New York with its principal place of business located at 301 West 31st Street, New York, New York 10001.

## JURISDICTION AND VENUE

     3.     Plaintiff has filed this action in the Southern District of New York alleging causes of action under the Copyright Act Title 17 U.S.C. 101, et seq. and Trademark Act, 15 U.S.C. 1501, et seq.

**FIRST CAUSE OF ACTION FOR INDEMNIFICATION**

4.      Plaintiff has asserted various causes of action, including but not limited to, copyright and trademark infringement on certain DVDs.

5.      Third-Party plaintiffs deny that they had knowledge that any DVD's in their possession violated any causes of action asserted by plaintiff.

6.      If plaintiff can establish that any of the material in the possession of third-party plaintiff violated any of the causes of action asserted by it in its complaint, third-party defendant is liable for those violations as third-party defendant sold to third party plaintiff the materials alleged to have been subject to copyright and trademark infringement.

**WHEREFORE,** third-party plaintiff demands that third-party defendant indemnify third-party plaintiff for all costs, damages, attorneys fees and any other monies that plaintiff will expend or have to pay as a result of plaintiff's complaint against third-party plaintiff.

**SECOND CAUSE OF ACTION FOR BREACH OF EXPRESS WARRANTY**

7.      Third-Party Plaintiff repeats and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

8.       Third-Party defendant sold goods consisting of DVD's to Third-Party Plaintiff

9.      At the time of the sale, and as part of the sale and as an inducement to Third-party defendant to purchase the goods defendant warranted that the DVD's were of good merchantable quality and did not violate the Federal and/or State copyright and trademark statute.

10.     Third-Party plaintiff purchased the goods in reliance to third-party defendants' warranty.

11.      Third-party plaintiff is currently being sued by plaintiff alleging violating of the federal and state copyright and trademark statutes

12.     As a result of third-party defendants' breach of warranty, third-party plaintiff has been damaged.

**WHEREFORE,** third-party plaintiff demands judgment against plaintiff for the following relief:

    (a)    Compensatory damages in the amount of at least $100,000.00

    (b)    interest;

    (c)    costs of suit;

    (d)    for such other relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION FOR BREACH OF IMPLIED WARRANTY

13.    Third-Party Plaintiff repeats and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

14.    Third-Party Plaintiff is and was at all times hereinafter mentioned, a merchant engaged in the business of buying and selling DVD's.

15.    Upon information and belief, Third-Party Defendant was in the business of selling DVD's.

16.    Third-Party Defendant sold Third-Party Plaintiff DVD's.

17.    Third-Party Defendant delivered to Third-Party Plaintiff DVD's and impliedly warranted that they did not violate the federal and state copyright and trademark statutes.

18.    In fact, said DVD's were alleged to be in violation of said laws.

19.    As a result of said breach of implied warranty, Third-Party Plaintiff has been damaged.

**WHEREFORE,** defendant demands judgment against plaintiff for the following relief:

    (a)    Compensatory damages in the amount of at least $100,000;

    (b)    interest;

    (c)    cost of suit; and

    (d)    such other relief as the Court deems just and proper.

### FOURTH CAUSE OF ACTION FOR FRAUD

20.    Third-Party Defendant repeats and realleges each of the foregoing

allegations with the same force and effect as if more fully set forth at length herein.

21. At the time that third-party defendant sold the merchandise to third-party plaintiff it knew that same was defective and that the merchandise violated the federal and state copyright and trademark laws and could not be sold to the general public.

22. Despite third-party defendant's knowledge with respect to the defectiveness of the merchandise and that it violated federal and state trademark and copyright laws, third-party defendant sold the defective merchandise to third-party plaintiff.

23. As a result of third-party defendants knowing misrepresentation about the quality of the DVD's at the time of the sale, third-party plaintiff has been damaged.

**WHEREFORE,** third-party plaintiff demands judgment against third-party defendant for the following relief:

(a) Compensatory damages in the amount of at least $100,000

(b) punitive damages;

(c) attorneys' fees;

(d) interest; and

(e) for such other relief as the Court deems just and proper.

Dated: New York, New York
    June 3, 2008

        FRANZBLAU DRATCH, P.C.
        *Attorneys for plaintiff*

        BY: /s/Brian M. Dratch
           Brian M. Dratch
        233 Broadway, Suite 2701
        New York, New York 10007
        Email: bdratch@njcounsel.com
        (212) 571-1808