**JULES D. ZALON**      ATTORNEY AT LAW
                        20 CURTIS AVENUE ▪ WEST ORANGE, NEW JERSEY 07052
                                                        973-324-2444
MEMBER N.J. & N.Y. BARS                            FAX: 973-324-2180

Via Fax Only: 212-805-6382

July 30, 2008

Hon. Victor Marrero, U. S. District Judge
United States Court House
500 Pearl Street
New York, N.Y. 10007

Re:   Studio A Entertainment, Inc. v. 306 DVD & Video, Inc. - 08 Civ 4301 (VM)

Dear Judge Marrero:

I represent the plaintiff in this action and in accordance with your individual rules of practice, I am writing to request a pre-motion conference to resolve a number of discovery disputes that have recently arisen. A copy of this letter will already have been faxed to opposing counsel, Brian M. Dratch, of the law firm of Franzblau Dratch, P.C.

This action was commenced on May 6th; an order to show cause was issued the next day; and following service of process, a stipulated preliminary injunction – including an order for expedited discovery – was issued on May 28th.

On June 16th, I served our first set of interrogatories and document requests; and on June 18th I served our second document requests. On July 24th, the defendants responded to all three discovery requests. Perhaps "responded" is too generous a word, because except for confirming information that we already possessed [corporate form, principal of company, single employee], they either denied the existence of any information or objected to our requests. And my attempt to resolve this dispute has fallen on deaf ears. Without attempting to litigate the entire dispute in this letter, an example of the problem I am having is our Interrogatory #5:

> Set forth all moneys, benefits and other emoluments, of any kind or nature, received by each shareholder, manager and officer of **Defendant** from January 1, 2003 to the present. In answering this interrogatory, please separately list the basis of such payments (e.g., salary, dividends, bonuses, commissions, etc.).

Their response:

> Objection, this interrogatory is improper.

What is clearly improper is that the defendants violated Rule 33(b)(4), which provides that "The grounds for objecting to an interrogatory must be stated with specificity."

Of course our interrogatory is perfectly proper, as I have already explained to Mr. Dratch, in an email I sent him on July 25th, in an attempt to avoid making this application:

> 5. You have failed to explain your objection: "Objection, this interrogatory is improper." In fact, it is the most basic sort of interrogatory. Our fourth cause of action is vicarious copyright infringement, which imposes liability on anyone who has (1) the ability to control the infringer and (2) a financial interest in the infringing activities. You can see of course how relevant this interrogatory is to the case at bar.

For the record, here is a classic definition of vicarious liability:

> Vicarious liability may exist "[w]hen the right and ability to supervise coalesce with an obvious and direct financial interest in the exploitation of copyrighted materials ... even in the absence of actual knowledge that the copyright monopoly is being impaired...." [Citing Shapiro, Bernstein & Co. v. H.L. Green Co., 316 F.2d 304, 307 (2d Cir.1963)] .... Unlike contributory liability, vicarious liability may exist even if the third party was in no way directly involved in the actual copying. *See Shapiro*, 316 F.2d at 307; *Peer Int'l Corp.*, 887 F.Supp. at 565. Thus, there are only two elements of vicarious liability: (1) the ability to control the infringer and (2) a financial interest in the infringing activities.

Ez-Tixz, Inc. v. Hit-Tix, Inc., 919 F.Supp. 728, 732-733 (S.D.N.Y.,1996) (Judge Koeltl). Of course, the only way of determining who is vicariously liable is for the defendants to answer our interrogatories, which go to the very heart of the lawsuit. **[And this is only one of 11 disputed items.]**

As noted above, Mr. Dratch has ignored my rather lengthy July 25th email attempting to resolve this dispute without judicial intervention.

Respectfully,

*[signature]*

Jules D. Zalon

cc: Brian M. Dratch, Esq.

---

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-30-08

---

The parties are directed to address the matter set forth above to Magistrate Judge Ronald L. Ellis to whom this dispute has been referred for resolution, as well as for supervision of remaining pretrial proceedings, establishing case management schedules as necessary, and settlement.

SO ORDERED.

7-30-08
Date

VICTOR MARRERO, U.S.D.J.